**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| **ANDRICKA STEWART** | **§** | |
| **Plaintiff** | **§** | |
| **v.** | **§** | **CAUSE NO. 6:10-CV-00311-WSS** |
| | **§** | |
| **WACO INDEPENDENT** | **§** | |
| **SCHOOL DISTRICT** | **§** | |
| **Defendant** | **§** | |

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

TO THE HONORABLE JUDGE OF THE COURT:

**COMES NOW** Andricka Stewart, by and through her counsel of record, Martin J. Cirkiel of the law firm of Cirkiel & Associates, P.C. and Michael Zimmerman of The Zimmerman Law Firm, and hereby brings this, *Plaintiff's First Amended Complaint,* alleging that the Waco Independent School District ("Waco ISD") violated the various rights of Andricka Stewart. Plaintiff reserves the right to replead this *First Amended Complaint* if new claims and issues arise upon further development of the facts. In support thereof, Plaintiff would respectfully show the following:

**I. NATURE AND PURPOSE OF THIS ACTION**

1. This is a case about a student with a disability, Andricka Stewart, who suffers from mental retardation, speech impairment, and hearing impairment. Her *Individualized Educational Plan* (IEP) noted that she was to be kept away from male students and was to be closely monitored due to prior incidents of inappropriate sexual activity. Waco ISD officials knew that Andricka was frequently harassed and sexually abused by other students because of her disabilities. Furthermore, Waco ISD officials knew that there had

been prior incidents where disabled students, including Andricka, were harassed and sexually abused in the school bathrooms. Despite knowing that Andricka was at risk of being victim to sexual abuse if unsupervised in the bathroom, Andricka was permitted to go to the bathroom by herself. While left unsupervised in the bathroom, an area known to be dangerous to students generally and disabled student in particular, Andricka was sexually abused by a classmate.

2. Plaintiff claims that Waco ISD failed to implement the policies, procedures, practices, and customs required to keep her safe, violating her civil rights and discriminating against him thereby.

3. Plaintiff brings this action for damages pursuant to Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. §794a ("Rehabilitation Act"), the Americans with Disabilities Act ("ADA"), 42 U.S.C., §12101, et seq., Title IX of the Education Amendments of 1972, 20 U.S.C. §1681 et seq., ("Title IX") and the Fourteenth Amendment to the United States Constitution as contemplated by 42 U.S.C. §1983. Such equitable and remedial actions pursuant to these civil rights acts include but are not limited to damages, compensatory services, costs, reimbursement of out-of-pocket expenses attorney fees and costs, as well as other forms of relief.

## II. JURISDICTION

4. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C.A. §§ 1331 and 1343 because the matters in controversy arise under the laws and rules of the United States as noted above.

5. Furthermore, this Court has supplemental jurisdiction over various state and common law

claims pursuant to 28 U.S.C. §1367.

6. Finally, this Court has jurisdiction to award attorneys fees and costs to the Plaintiffs pursuant to 42 U.S.C. §1983, Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. 794a, the Americans with Disabilities Act, 42 U.S.C., §12101, et seq., and Title IX of the Education Amendments of 1972, 20 U.S.C. §1681 et seq., pursuant to 42 U.S.C §2000d et seq.

## III. VENUE

7. Under 28 U.S.C. §1391, venue is proper before this Court because the events and omissions giving rise to the Plaintiffs claims occurred in the Western District of Texas.

## IV. CONDITIONS PRECEDENT AND ADMINISTRATIVE EXHUASTION

8. Plaintiff contends there is no need for administrative exhaustion in this case, which may otherwise have been required pursuant to IDEA, 20 U.S.C. §1415(1) and 19 T.A.C. §89.1185(p).

9. First and foremost, the relief requested herein is not such that a Special Education Hearing Officer could provide, and as such, administrative exhaustion is not likewise required.

10. In addition and in the alternative, there is no requirement to seek administrative exhaustion pursuant to IDEA if such an effort would be futile, as it would be in this case.

## V. PARTIES

11. Plaintiff Andricka Stewart is a citizen of the State of Texas and is a person with a disability as contemplated by the Rehabilitation Act and the Americans with Disabilities Act. At all pertinent times, Andricka was a student in Waco ISD.

12. Defendant Waco Independent School District is a school district organized under the laws of the State of Texas. Waco ISD was at all pertinent times responsible for the care, management and control of all public school business within its jurisdiction as well as the training of teachers at the school as to safety, abuse, and neglect of minors, and supervision of students with disabilities within the district, and for the course of study and safety of students with disabilities at the school Waco ISD was the responsible recipient of federal financial assistance for such disabled students. They may be served through the Office of the Superintendent, Waco Independent School District, G.L. Wiley School Building, 1030 East Live Oak, P.O. Box 27, Waco, Texas 76703, though it is reasonably believed that their counsel of record is the Honorable Mr. Peter Rusek, Attorney & Counselor at the law firm of Sheehy, Lovelace and Mayfield, P.C., 510 N. Valley Mills Dr., Suite 500, Waco, Texas 76710, and that he will accept service for this cause.

## VI. STATEMENT OF FACTS

13. Andricka Stewart is a student with multiple disabilities, including mental retardation, hearing impairment, and speech impairment. Due to her multiple disabilities, she is a student with a disability under the Rehabilitation Act, a person with a disability under the ADA, and was a recipient of special education services in Waco ISD.

14. In November 2005, Andricka was sexually abused by a classmate on the campus of A.J. Moore Academy in Waco ISD. Waco ISD officials were aware of the incident and during Andricka's annual Admission, Review, Dismissal Hearing ("ARD"), her IEP was modified to add that she was to be kept separate from male students and was to be

closely supervised at all times.

15. In February 2006, even though Andricka's IEP dictated that she was to be kept separate from male classmates and was to be closely supervised, she was again sexually abused by another student, this time in the school bathroom. Again, Waco ISD officials were aware of the incident but her IEP was unmodified and no additional steps were taken to protect Andricka from future sexual abuse. Despite the fact that she was only a freshman and was mentally retarded, school officials deemed that Andricka was at least somewhat complicit in the sexual misconduct and gave her three full days of in-school suspension, depriving her of the educational benefit of three days of school.

16. In August 2006, with Andricka's IEP still mandating that she be kept separate from male classmates and be closely supervised, she was permitted to go to the bathroom unattended. A male classmate was permitted to leave the classroom while Andricka was still out of the room. Unfortunately and unsurprisingly, Andricka was sexually abused in the bathroom by the male classmate. Waco ISD officials were again aware of the incident and again did not make any changes to Andricka's IEP or take any steps to ensure that she would not be sexually abused in the future.

17. In October 2007, with Andricka's IEP still mandating that she be kept separate from male classmates and be closely supervised, she was again sexually abused by a male classmate who exposed himself to her. Again, despite being a minor suffering from mental retardation, school officials suspended Andricka from school, depriving her of an educational benefit.

18. In addition to these incidents of sexual abuse, Plaintiff also has a history of being

harassed by other students due to her disability, including intimidation by other students, physical assaults, being beat up, and having other kids call her names. Complaints to the school by Plaintiff's grandmother concerning these incidents were ignored.

19. School Officials knew that these ongoing problems frequently occurred if Plaintiff was left without supervision.

20. Furthermore, Waco ISD officials knew that disabled students had previously engaged in sexual misconduct on campus and in school bathrooms on multiple occasions

21. There is nothing indicating any efforts by Waco ISD to properly train and supervise Waco ISD staff in the effective implementation of Andricka's IEP. As a result, staff members repeatedly failed to follow the requirements of Andricka's IEP.

22. Despite the determinations by school officials that Andricka was complicit in some of these instances of sexual abuse, there is nothing indicating that any sort of sexual education was contemplated by her ARD Committee and her IEP did not dictate any sort of education for Andricka in the inappropriateness of sexual contact at school.

23. Furthermore, it was clear that Andricka's IEP was ineffective at protecting her from sexual abuse while at school but Andricka's ARD Committee, a body to whom policymaking powers are delegated by Waco ISD, failed to institute any policies or procedures to protect Andricka in the future.

## VII. <u>CLAIMS FOR RELIEF PURSUANT TO THE REHABILITATION ACT OF 1973</u>

24. Plaintiff incorporates by reference all the above-related paragraphs with the same force and effect as if herein set forth.

25. Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. §794 and its implementing

regulations require that each state that receives disbursements, including the state's political subdivisions such as local school districts, must ensure all students with disabilities are given appropriate and necessary accommodations, pursuant to federal law and rules. To the degree that a policy or practice hinders honest consideration of a disabled child's unique needs, and fails to accommodate that child's disability, it violates the Rehabilitation Act.

26. Plaintiffs assert that Waco ISD has violated Andricka's rights pursuant to the Rehabilitation Act. Defendant's practices and/or proposed actions, set out in detail above, have, together and separately, contributed to violating her rights under the Rehabilitation Act, federal rules and regulations promulgated pursuant thereto.

27. In addition and in the alternative, the failure of the school district to keep Andricka safe from a known harm while on campus constitutes a gross mismanagement of her educational plan and also a violation of the Rehabilitation Act thereby.

28. Furthermore, the failure to train or supervise Waco ISD staff to ensure that Andricka's IEP was properly carried out constitutes a gross mismanagement of her education plan and a violation of the Rehabilitation Act thereby.

## VIII. CLAIMS UNDER THE AMERICANS WITH DISABILITIES ACT

29. Plaintiff incorporates by reference all the above-related paragraphs with the same force and effect as if herein set forth.

30. The facts as previously described demonstrate violations of the Americans with Disabilities Act, 42 U.S.C. §12131, *et seq.* by Waco ISD.

31. Andricka is a "qualified individual with a disability" as defined in 42 U.S.C. §12131(2)

with her disability affecting a major life activity.

32. Waco ISD is considered a "public entity" as defined in 42 U.S.C. §12131(1), and receives federal financial assistance so as to be covered by the mandate of the ADA.

33. Waco ISD failed and refused to reasonably accommodate Andricka's disabilities and modify their services in violation of Title II of the ADA.

## IX. CLAIMS PURSUANT TO 42 U.S.C. §1983 AND THE FOURTEENTH AMENDMENT TO THE U.S. CONSTITUTION

34. Plaintiff incorporates by reference all the above related paragraphs with the same force and effect as if herein set forth.

35. Waco ISD, acting under color of law and acting pursuant to customs and policies of the district and pursuant to customs and policies of the ARD committee, a committee delegated policymaking authority by the school district, deprived Andricka of rights and privileges secured to her by the Fourteenth Amendment to the United States Constitution and by other laws of the United States.

36. The acts and omissions of Waco ISD deprived Andricka of her rights to life, liberty and bodily integrity guaranteed under the United States Constitution, for which Waco ISD is liable to Andricka. pursuant to 42 U.S.C. §1983 for compensatory monetary damages.

## X. STATE ACTION

37. Plaintiff incorporates by reference all the above-related paragraphs with the same force and effect as if herein set forth.

38. Waco ISD was at all times and in all matters acting under color of state law when they permitted Andricka to be subjected to the wrongs and injuries herein set forth. In addition, Waco ISD receives funds from the federal government, thus the school district

is required to follow the requisites of Section 504 of the Rehabilitation Act of 1973 and the ADA.

## XI. STATE-CREATED DANGERS AND DUTIES

39. Plaintiff incorporates by reference all the above related paragraphs above with the same force and effect as if herein set forth.

40. Waco ISD permitted Andricka to go to the bathroom, an area known to be a hotspot for the harassment and assault of students, and failed to provide her any supervision in order to keep her safe.

41. The potential for danger is even more pronounced for a student who is disabled like Andricka That potential is of course even more pronounced where school officials know that disabled students generally, and Andricka in particular, had been previously harassed and abused in the school bathrooms.

42. For any and all the above, the acts and omissions of the school district personnel created the danger which caused the injuries to Andricka.

## XII. SPECIAL RELATIONSHIP

43. Plaintiff incorporates by reference all the above related paragraphs with the same force and effect as if herein set forth.

44. A special custodial relationship existed at all pertinent times between Waco ISD and Andricka, a student with mental retardation. Accordingly, Waco ISD had a corresponding duty to provide her a safe environment when attending school.

45. In failing to supervise her and protect her from physical and sexual abuse, Waco ISD failed to provide her a safe educational environment, causing the injuries to Andricka.

## XIII. UNCONSTITUTIONAL POLICIES, PROCEDURES , PRACTICES & CUSTOMS

46. Plaintiff incorporates by reference all the above related paragraphs above with the same force and effect as if herein set forth.

47. Plaintiffs contend that Waco ISD had a custom in place, including the failure to have a safety plan in place for Andricka, that permitted Andricka, a student with a disability, to be continually left unsupervised despite their knowledge that she was at risk of harassment and sexual abuse. This custom acted to the detriment of Andricka and failed to protect her from a known and inherent dangerous situation, thus violating the Fourteenth Amendment of the Constitution of the United States for which Plaintiffs seek recovery pursuant to 42 U.S.C. §1983.

48. Plaintiffs contend that these failures of Waco ISD to have policies, procedures, practices and customs in place to protect Andricka from a known and inherent dangerous situation violates the Fourteenth Amendment of the Constitution of the United States for which Plaintiffs seek recovery pursuant to 42 U.S.C. §1983.

49. Plaintiffs contend that these failures of Waco ISD to have policies, procedures, practices and customs in place to assure staff was correctly trained, so as to protect Andricka from a known and inherent dangerous situation, violates the Fourteenth Amendment of the Constitution of the United States for which Plaintiffs seek recovery pursuant to 42 U.S.C. §1983.

50. Plaintiffs contend that these failures of Waco ISD to have policies, procedures, practices and customs in place to assure staff was correctly supervised, so as to protect Andricka from a known and inherent dangerous situation, violates the Fourteenth Amendment of

the Constitution of the United States for which Plaintiffs seek recovery pursuant to 42 U.S.C. §1983.

51. Based upon the operative facts, such acts and omissions rise to the level of deliberate indifference, constituting a violation of the Fourteenth Amendment of the Constitution of the United States, and for which Andricka seeks recovery pursuant to 42 U.S.C. §1983.

## XIV. CLAIMS FOR RELIEF PURSUANT TO TITLE IX

52. Plaintiff incorporates by reference all the above-related paragraphs with the same force and effect as if herein set forth.

53. In failing to protect Andricka Stewart from sexual assault, Waco ISD was deliberately indifferent not simply to known acts of sexual harassment but to known acts of sexual assault. This created a hostile educational environment in violation of Title IX of the Education Amendments of 1972 that was so severe and pervasive that it caused her to miss multiple days of school, effectively denying her equal access to the school's educational opportunities.

## XV. RATIFICATION

54. Waco ISD ratified the acts, omissions and customs of school district personnel and staff. As a result, Waco ISD is responsible for the acts and omissions of staff persons who were otherwise responsible for the safety of Andricka.

## XVI. PROXIMATE CAUSE

55. Plaintiff incorporates by reference all the above related paragraphs with the same force and effect as if herein set forth.

56. Each and every, all and singular of the foregoing acts and omissions, on the part of

Defendants, taken separately and/or collectively, jointly and severally, constitute a direct and proximate cause of the injuries and damages set forth herein.

**XVII. DAMAGES**

57. As a direct and proximate result of the Defendants' conduct, Andricka has suffered injuries and damages, for which he is entitled to recover herein within the jurisdictional limits of this court, including but not limited to:

a. Physical pain in the past;

b. Medical expenses in the past;

c. Mental anguish in the past;

d. Mental anguish in the future;

e. Mental health expenses in the past;

f. Mental health expenses in the future;

g. Physical impairment in the past;

h. Various out-of-pocket expenses incurred but for the acts and omissions of the Waco ISD;

i. Attorney fees and costs.

**XVII. ATTORNEY FEES**

58. Plaintiff incorporates by reference all the above related paragraphs, as if fully set forth.

59. It was necessary for Plaintiffs to hire the undersigned attorneys to file this lawsuit. Upon judgment, Plaintiffs are entitled to an award of attorney fees and costs pursuant to 42 U.S.C. §1988(b), 29 U.S.C. §794a, 42 U.S.C. §2000d et seq., 42 U.S.C. §12205.

**XVIII. DEMAND FOR JURY TRIAL**

60. Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs demand a jury trial for all issues in this matter.

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray for judgment against each Defendant and request an order including but not limited to the following relief:

a. A judgment in favor of Plaintiff, as supported by a finding that the Defendant did not keep him safe from harm, during the periods claimed, in total or in part thus violating Section 504 of the Rehabilitation Act of 1973 thereby;

b. A judgment in favor of Plaintiff, as supported by a finding that Defendant grossly mismanaged her educational plan, during the periods claimed, in total or in part, thus violating Section 504 of the Rehabilitation Act of 1973 thereby;

c. A judgment in favor of Plaintiff that Defendant, during the periods claimed, in total or in part, violated her rights pursuant to the Americans with Disabilities Act, 42 U.S.C. §12131, *et seq.* ("ADA");

d. A judgment in favor of Plaintiff, as supported by a finding that the Defendant violated Andricka's rights pursuant to the Fourteenth Amendment to the United States Constitution, during the periods claimed, in total or in part;

e. A judgment in favor of Plaintiff, as supported by a finding that the Defendant deliberately indifferent to her, creating a hostile education environment.

f. An order noting Plaintiffs as prevailing party in this cause of action, so that Defendants would be required to pay or reimburse Andricka for all costs of the preparation and the trial of this cause of action including, but not limited to, filing

fees, costs of representation, advocate fees, attorney fees, and expert witness fees, incurred by them up to and through trial, and for its appeal if required, pursuant to 42 U.S.C. §2000d et seq., together with pre- and post-judgment interest, and court costs expended herein;

g. An Order requiring Defendant to pay attorney fees and costs as permitted by the Americans With Disabilities Act, Title IX, and pursuant to Section 1983 of the Civil Rights Acts; and

h. Such other relief as the Court may deem just and proper in law or in equity.

Respectfully Submitted,

Cirkiel & Associates, P.C.

/s/ Martin J. Cirkiel

Mr. Martin J. Cirkiel, Esq.
Federal ID No.: 21488
State Bar No.: 00783829
1901 E. Palm Valley Boulevard
Round Rock, Texas 78664
(512) 244-6658 [Telephone]
(512) 244-6014 [Facsimile]
marty@cirkielaw.com [Email]

Mr. Michael Zimmerman, Esq.
The Zimmerman Law Firm
Federal ID No.: 1091945
State Bar No.: 22271400
301 W. Waco Drive
Waco, Texas 76710
(254) 752-9688 [Telephone]
(254) 752-9680 [Facsimile]
mzimmerman@thezimmermanlawfirm.com [Email]

**ATTORNEYS FOR PLAINTIFFS**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing has been forwarded to the following parties on this 4th day of March, 2011, by Notice of Electronic Filing from the Clerk of the Court:

Philip E. McCleery
Peter K. Rusek
Sheehy, Lovelace & Mayfield, P.C.
510 North Valley Mills Drive, Suite 500
Waco, Texas 76710
(254) 772-8022 [Telephone]
(254) 772-9297 [Facsimile]

**ATTORNEYS FOR DEFENDANT**

/s/ Martin J. Cirkiel
Martin J. Cirkiel